Mr. Justice DAVIS
delivered the opinion of the court.
There is no difficulty in this case'. It is claimed by Simpson, that he holds, free from the obligation of the mortgage, the lands, which Bovey conveyed to him, two days before its execution. The mortgagors, Megeath and Bovey, owned in severalty the lands mortgaged, and Parmeleé seeks to sell, whatever is embraced in the mortgage, in order' to make his debt. He denies that Simpson’s deed han take precedence of the mortgage, because, if given for a valuable consideration, executed and recorded in conformity with the laws of Nebraska, it was never delivered until long after his security was taken. If this position is sustained by. the evidence, there is an end of the controversy, for nothing passes by a deed until it is delivered.
It is a circumstance of great suspicion that the original deed was not produced on the trial, as the date of its'r'egistry was disputed, and Sayre, the notary public, denied having taken the acknowledgment. It is very clear that Bovey was capable of any fraud, as it is proved that the pretended re-conveyance from Simpson to him, which was placed on record *86 the same day the mortgage was executed and recorded, was a- forgery.
But, conceding that there is not proof enough to discredit the récord, and that Sayre is mistaken, still, the deed cannot defeat the mortgage, because the delivery — one essential part to its due execution — did not occur until after the mortgage was admitted to registry.- Simpson was on his way from California, when Bovey, without his knowledge or authority, delivered it to the register of deeds for record, and he did not arrive in Nebraska until three or four days after-wards, when he first learned what had' been done. The only information which Simpson had concerning the matter Was contained in a letter from Bovey, informing him of his intention to convey to him some pre-empted lands inNebraska ■on his arrival there, in the spring of 1858. To this letter there, was no reply, and there is nothing, to show that Simpsou knew the quantity or value of the lands, or ever agreed to receive a conveyance for them in satisfaction of Bov.ey’s indebtedness to him. And there is not a particle of evidence t.hat anyone was authorized to receive the deed for him. The placing the deed on record was Bovey’s own act, and done without the • assent- of Simpson. Under this state of tacts there was manifestly no delivery. The execution and régistration .of a deed, and delivery of it to the register for that purpose, does not vest the title in the grantee.*
If Simpson had agreed to accept the deed in liquidation of-his debt, and constituted the register his agent to receive it, then the delivery of the deed to the register would have been in legal contemplation a delivery to him. But it is said that he could ratify the acts of Bovey and the register. This is true, but he did not do this until after the execution and registration of the mortgage; and this ratification cannot relate back so as to cut out the mortgage. Simpson acquired no title until after the rights of the mortgagee had accrued, and he holds it encumbered with the lien of the mortgage.
*87 The decree of the Supreme Court of the Territory is reversed, and this case is remanded to that court with directions to enter an order
Affirming the Decree oe the District Court.-

 Maynard v. Maynard, 10 Massachusetts, 456; Samson v. Thornton, 3 Metcalf, 281; Younge v. Guilbeau, 3 Wallace, 641.